RALPH MEGLIO *vs.* LUIGI RENZI.

AUGUST 24, 1956.

PRESENT: Flynn, C.J., Condon, Roberts and Andrews, JJ.

CONDON, J. This is an action of assumpsit in which a verdict was directed for the defendant. The plaintiff duly excepted thereto and the case is here solely on such exception. His other exceptions being neither briefed nor argued are deemed to be waived.

The case was tried in the superior court on the issues raised by the following pleadings. The plaintiff's declaration alleged that he entered into a building contract with defendant on or about January 14, 1949 wherein defendant agreed to build for plaintiff a dwelling house according to certain plans and specifications. It further alleged that, although plaintiff fully performed his part of such contract, defendant did not construct the house according to plan; that he constructed it "in so unskillful, negligent, poor and unworkmanlike manner that shortly after its completion the French drain was so poorly constructed that water entered and collected in the basement of the dwelling house" and did great damage; and that in consequence thereof plaintiff was required to spend large sums of money for materials and labor in correcting the same.

The defendant filed a plea of the general issue and two special pleas. The latter pleas alleged that on January 18, 1950 the parties exchanged general releases by means of which each released and quitclaimed to the other all claims arising out of or pertaining to the construction of the dwelling house. The plaintiff filed replications to such pleas and averred therein that defendant obtained the release from him by "fraud or covin" and therefore it was void. The defendant joined issue on the defense thus raised by filing rebutters to such replications.

At the conclusion of the evidence it appeared that plaintiff had not attempted to prove unskillful and poor workmanship in the construction of the French drain and had not offered any evidence of fraud or covin in defendant's procurement of plaintiff's general release. He did try to show, however, that defendant failed to construct any

French drain at all as described in the plans or blueprints thereof. The trial justice, apparently assuming that there may have been some departure from the plain requirements of the blueprints, decided the case on the issue raised by defendant's special pleas and held that plaintiff's release was not voided by either fraud or misrepresentation.

The plaintiff contends that there was a latent defect in the drain of which he was not aware at the time he executed the general release and that the defendant was aware of it. He also points out that he first learned something was wrong when water appeared on the basement floor a considerable time after the release was delivered. In these circumstances he urges that it was a question for the jury whether the conduct of defendant amounted to fraud or misrepresentation that would void the release. He claims that there was evidence from which they could find that defendant was guilty of misrepresenting a material fact or that he had profited by reason of a superior advantage over him, the plaintiff. If such a finding were made he contends it would warrant the voiding of the release and he cites *Smith* v. *Rhode Island Co.*, 39 R. I. 146.

The difficulty here is not with the law but with the evidence. There is no evidence in the record of any defect, latent or otherwise, in the French drain. It does appear that water collected on the basement floor because no sump had been built to receive the water from the drain and no pump had been installed to draw the water from the sump and expel it from the premises. But the undisputed evidence shows that because of an understanding between defendant and plaintiff, which will be hereinafter stated in more detail, the construction of a sump and the installation of a pump had been taken out of defendant's hands. Hence if the alleged defect in the drain resulted from failure to provide the necessary sump and pump such defect was not chargeable to defendant.

In accordance with the blueprints attached to the build-

ing contract and expressly made a part thereof by reference, defendant agreed to construct in the basement a French drain of four-inch tile and to install a sump and a pump. The uncontradicted evidence is that he constructed such a drain of stone rather than four-inch tile and this was done with the express approval of plaintiff who stood by a great part of the time while the job was being done. It is also undisputed that there are three customary methods of constructing a French drain, one with tile, the second with terra cotta, and the third with stone. Of these the third was declared the best by a plumbing and drainage inspector who testified for defendant as an expert. His opinion was not disputed.

The defendant testified that after he completed the work of laying the drain he covered the entire floor with gravel preparatory to laying the cement floor prescribed in the blueprints. He further testified that he did not construct the sump at that time as it was customary to do it later after other construction above ground was completed. However, after the gravel had been laid, plaintiff asked defendant if he would allow him, the plaintiff, to have the rest of the work in the basement, including cementing of the floor, completed by another party. The defendant acceded to this request and allowed plaintiff a deduction of $600 from the contract price to cover the cost of this work. Thereafter defendant did no further work in the basement, but plaintiff apparently had the entire floor cemented over without first constructing a sump or installing a pump. This evidence was undisputed.

However, plaintiff tried to show by the testimony of a plumber whom he hired to correct the faulty drainage in the basement that there was no French drain there. This plumber testified that he broke the cement floor and dug down 18 inches in two separate places where, according to the blueprints, four-inch tile was supposed to be and that he could find none. Of course if he were looking for tile

he would find none as, according to defendant's testimony, he did not lay any, but constructed the drain of stone throughout. The plumber testified further that he built two traps and connected them with the sewer line and since then he has heard of no water seeping into the basement and collecting on the floor.

In this connection defendant presented as an expert witness a plumbing and drainage inspector in the employ of the city of Providence and also of the Rhode Island Hospital. He was asked a long hypothetical question which in substance amounted to this: If there were no French drain in the basement and two traps were installed there, such as were described by the plumber who testified for plaintiff, would said traps alone be sufficient to remove water from the basement? He answered positively that they would not. This testimony was uncontradicted.

From our reading of the transcript it thus appears that water seeped into the basement and collected there not because of the lack of a French drain or because of a poorly constructed one, but solely because the necessary sump to receive the water from the drain had not been provided and no pump had been installed to expel such collected water from the premises. In any event, the testimony of plaintiff's plumber that he found no drain where he dug is of no importance, because there is no allegation in plaintiff's declaration charging defendant with such neglect. The gist of the declaration is that defendant poorly constructed a French drain and not that he failed to construct one.

We are of the opinion that there was no evidence from which the jury could reasonably find that the French drain had not been skillfully constructed by defendant as far as he was permitted to go before plaintiff took over the remainder of the work in the basement. On the contrary the evidence appears to be undisputed that the seepage and collection of water complained of was due to plaintiff's own failure to provide a sump and a pump to receive the water

from the French drain and expel it from the premises. The trial justice would have been fully warranted in directing a verdict for defendant on that ground. However, he appears to have rested his decision on a different ground.

He apparently assumed without deciding that there was evidence of defendant's failure to construct the drain in accordance with the blueprints. But he concluded that plaintiff's general release precluded plaintiff from complaining on that score and that such release had not been procured by any fraud or misrepresentation on defendant's part. We are in accord with the trial justice on that conclusion for the reasons we shall presently state.

In our opinion there is not a scintilla of evidence to show that defendant's conduct toward plaintiff during the progress of the construction, at its completion, or after plaintiff had taken possession of the house and paid over the consideration agreed upon, amounted in any way to fraud or misrepresentation or the taking of an unfair advantage of plaintiff. On the contrary all the evidence is to the effect that plaintiff was fully protected by counsel. He was at all times so represented in the closing negotiations leading up to the execution of the releases. It was his lawyer who drew both releases and attended to their execution. They were attested by the same lawyer in his office and he subscribed his name thereto as the sole witness. On the other hand defendant had no lawyer to care for his interest either before or at the closing of the negotiations.

The releases were exchanged at a time when plaintiff had been in occupancy of the house for a month or more after its completion. He knew the wet condition of the soil in the neighborhood where the house was built, the need of a drain in the basement and the necessity of a sump and a pump. Yet he chose to take the construction of those items out of defendant's hands in return for a reduction in the contract price. And thereafter, apparently in the vain belief that a solidly cemented floor would eliminate

any water problem, he neglected to complete the drain with a sump and a pump. Viewed from every aspect the evidence is totally devoid of any probative value in the direction of showing fraud or covin on the part of defendant, as plaintiff has alleged in his replications to defendant's special pleas. Hence the trial justice did not err in directing a verdict for defendant.

All of the plaintiff's exceptions are overruled, and the case is remitted to the superior court for entry of judgment on the verdict as directed.